CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 27 2015

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| DESMOND GEORGE HIBBERT, ) | Civil Action No. 7:15-cv-00125 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| THE VIRGINIA DEPARTMENT OF ) | | |
| CORRECTIONS, et al., ) | By: Hon. Jackson L. Kiser | |
| Defendants. ) | Senior United States District Judge | |

Desmond George Hibbert, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants the Virginia Department of Corrections and correctional officers Lieutenant Coleman, Sergeant Collins, and Officer Castle. Plaintiff alleges that Officer Castle sprayed him with mace "unnecessarily" after Plaintiff refused to comply with Officer Castle's order to relinquish a phone. Plaintiff further alleges that Sgt. Collins and Lt. Coleman put Plaintiff in restraints for eight hours due to his noncompliance. For the following reasons, the complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

---

[1] I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)
 Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

1

A prisoner alleging excessive force in violation of the Eighth Amendment must show that a defendant "inflicted unnecessary and wanton pain and suffering." Whitley v. Albers, 475 U.S. 312, 320 (1986). Therefore, the proper inquiry is whether the force applied was "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. at 320-21. By Plaintiff's own admission, he "refused" orders to relinquish a phone, and he has not alleged any facts to indicate the use of force was anything other than a good faith effort to maintain or restore discipline. Besides the length of time, Plaintiff has not alleged any other fact about being restrained while incarcerated, which is a lawful use of force. Accordingly, the complaint presently fails to state a claim upon which relief may be granted.

**ENTER:** This 27th day of April, 2015.

*/s/ Jackson L. Kiser*
Senior United States District Judge